T.C. Summary Opinion 2003-14

UNITED STATES TAX COURT

VIRGIE R. PORTER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8842-01S.                    Filed February 25, 2003.

Virgie R. Porter, pro se.

<u>Kathleen C. Schlenzig</u>, for respondent.


POWELL, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463[1] of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined a deficiency of $17,641 and an accuracy-related penalty under section 6662(a) of $3,528 in

---

[1]  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue.

petitioner's 1998 Federal income tax.  The issues are (1) whether petitioner may exclude from gross income under section 104(a)(2) payments received from her former employer pursuant to a settlement agreement, and (2) whether petitioner is liable for the accuracy-related penalty under section 6662(a).  Petitioner resided in Evergreen Park, Illinois, at the time the petition was filed.

## Background

Dobbs International Services (Dobbs) hired petitioner in April of 1993 as a service employee at O'Hare International Airport.  Every October, Dobbs required all employees to "bid" for job positions with the company.  The bidding process was based on seniority, and Dobbs granted the most senior employees the right to bid for a job position first.  Petitioner alleged that in October of 1993, a manager at Dobbs granted a male employee, with less seniority than petitioner, the right to bid for petitioner's job position before her.  As a result, petitioner lost her position as service employee, and Dobbs placed her in an on-call position.

Petitioner filed her first complaint with the Equal Employment Opportunity Commission (EEOC) on December 8, 1993.  The complaint stated in part:

> III. I believe that I have been discriminated against on the basis of my sex, female, in violation of Title VII of the 1964 Civil Rights Act, in that I was denied the opportunity to bid on a position for which male employees were allowed

to bid, and in that [Dobbs] stated that certain positions are not available to females.

On June 23, 1994, while petitioner was in the on-call position, Dobbs asked her to report to work. At that assignment, petitioner slipped on grease, dislocating her shoulder and injuring her lower back. Petitioner filed a workmen's compensation claim against Dobbs as a result of her injuries. In August of 1995, Dobbs agreed to pay petitioner $5,820.96 in settlement of that claim.

Subsequently while petitioner was on-call, Dobbs attempted to notify petitioner that work was available. After failing to reach her by telephone, Dobbs terminated petitioner. Petitioner filed a second complaint with the EEOC on March 14, 1995. The complaint stated in part:

> III. I believe that I have been discriminated against because of my sex, female in violation of Title VII of the Civil Rights Act of 1964, as amended, and retaliated against in violation of 704(a) of the Act, in that I had filed a previous charge of discrimination and am treated different than male employees. Male employees have been placed on the on-call list and on lay off and were not terminated while on this list due to lack of contact.

On October 7, 1998, Dobbs and petitioner entered into a settlement agreement. The settlement agreement stated in part:

> An investigation having been made under Title VII of the Civil Rights Act of 1964, as amended (Title VII), by the U.S. Equal Employment Opportunity Commission (EEOC) and reasonable cause having been found, the parties do resolve and conciliate this matter as follows:

> *       *       *       *       *       *       *

CHARGING PARTY RELIEF

[Dobbs] agrees that within 30 days of the effective date of this Agreement it shall:

1. a. Pay to the Charging Party the sum of twelve thousand dollars ($12,000.00) as back wages, less legal deductions for taxes;[2]

b. Pay to the Charging Party the sum of seventy-one thousand and six hundred dollars ($71,600.00) as damages. Charging Party shall be liable for any and all taxes which may be due for this payment.

In preparing her 1998 Federal income tax return, petitioner excluded the $71,600 damage award that she received. Petitioner argues that the damage award is excludable from her gross income under section 104(a)(2) because it was received on account of her physical personal injury.

Discussion

Section 61 provides that "gross income means all income from whatever source derived". Gross income is an inclusive term with broad scope, designed by Congress to "exert * * * 'the full measure of its taxing power.'" Commissioner v. Glenshaw Glass Co., 348 U.S. 426, 429 (1955) (quoting Helvering v. Clifford, 309 U.S. 331, 334 (1940)). Conversely, statutory exceptions from income shall be narrowly construed. Commissioner v. Schleier, 515 U.S. 323, 328 (1995). Furthermore, "exemptions from taxation

---

[2] The taxability of the $12,000 petitioner received as back wages is not in dispute.

are not to be implied; they must be unambiguously proved." United States v. Wells Fargo Bank, 485 U.S. 351, 354 (1988).

Section 104(a)(2) excludes from gross income "the amount of any damages (other than punitive damages) received (whether by suit or agreement and whether as lump sums or as periodic payments) on account of personal physical injuries or physical sickness". Section 1.104-1(c), Income Tax Regs., defines "damages received" as "an amount received (other than workmen's compensation) through prosecution of a legal suit or action based upon tort or tort type rights, or through a settlement agreement entered into in lieu of such prosecution." Amounts are excludable from gross income only when (1) the underlying cause of action giving rise to the recovery is based on tort or tort type rights, and (2) the damages were received on account of personal injuries or sickness. Commissioner v. Schleier, supra at 337.

Where amounts are received pursuant to a settlement agreement, the nature of the claim that was the actual basis for settlement controls whether such amounts are excludable under section 104(a)(2). United States v. Burke, 504 U.S. 229, 237 (1992). Determination of the nature of the claim is a factual inquiry and is generally made by reference to the settlement agreement. Robinson v. Commissioner, 102 T.C. 116, 126 (1994), affd. in part and revd. in part 70 F.3d 34 (5th Cir. 1995).

"[W]here an amount is paid in settlement of a case, the critical question is, in lieu of what was the settlement amount paid". Bagley v. Commissioner, 105 T.C. 396, 406 (1995), affd. 121 F.3d 393 (8th Cir. 1997). An important factor in determining the validity of the agreement is the "intent of the payor" in making the payment. Knuckles v. Commissioner, 349 F.2d 610, 613 (10th Cir. 1965), affg. T.C. Memo. 1964-33. If the payor's intent cannot be clearly discerned from the settlement agreement, the intent of the payor must be determined from all the facts and circumstances of the case, including the complaint filed and details surrounding the litigation. Robinson v. Commissioner, supra at 127.[3]

In Laber v. Commissioner, T.C. Memo. 1997-559, the taxpayer filed eight EEOC complaints against his former employer. The settlement agreement did not allocate the damage award, nor did the taxpayer allege in any of the eight complaints personal injury or sickness that occurred as a result of the alleged discrimination. We held the settlement award was not excludable under section 104(a)(2). Id.

Similarly, petitioner did not allege physical injury or sickness in her complaints filed with the EEOC. Petitioner, however, argues that the $71,600 damage award represented

---

[3] Sec. 7491(a), concerning burden of proof, has no bearing on the underlying substantive issue. Respondent has satisfied the burden of production with respect to the accuracy-related penalty under sec. 6662. See sec. 7491(c).

compensation for her personal physical injury in that she suffered "pain and suffering from not being able to pay my bill, not being able to work and knowing the fact that I was discriminated against".  Further, petitioner argues that the damage award was additional compensation for her injuries when she slipped on grease at work.  Petitioner reasons that, if Dobbs had not sexually discriminated against her, Dobbs would not have placed her on the on-call list and assigned her to a position where she received physical injuries.

The flush language of section 104(a) provides that "For purposes of paragraph (2), emotional distress shall not be treated as a physical injury or physical sickness."  Thus, assuming petitioner did receive damages for her pain and suffering as a result of the employment discrimination, they would not be excludable under section 104(a)(2).  As to her personal physical injury, Dobbs compensated petitioner in a separate workmen's compensation claim brought by her, and we decline to follow petitioner's tenuous nexus between the discrimination and the personal injury.

We find that petitioner failed to establish that any amount of the settlement proceeds was based on personal physical injuries or sickness, and, thus, hold that the $71,600 damage award is not excludable under section 104(a)(2).

Section 6662 imposes an accuracy-related penalty "equal to 20 percent of the portion of the underpayment" of tax attributable to "Any substantial understatement of income tax." Sec. 6662(a) and (b)(2).  A substantial understatement of income tax exists if the amount of the understatement for the taxable year exceeds the greater of 10 percent of the tax required to be shown on the return for the taxable year, or $5,000.  Sec. 6662(d)(1)(A).

However, "No penalty shall be imposed * * * if it is shown that there was a reasonable cause * * * and that the taxpayer acted in good faith".  Sec. 6664(c).  Petitioner failed to address the accuracy-related penalty at trial and offered no evidence that she had reasonable cause for the understatement or acted in good faith.  Accordingly, we sustain respondent's determination.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent.</u>